**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ALBANY DIVISION**

AVERY HARDY,                                    *

    Petitioner,                             *

                                         CASE NO. 1:08-CV-90027 WLS

vs.                                                  *                    28 U.S.C. § 2255

                                         CASE NO. 1:05-CR-22 WLS

UNITED STATES OF AMERICA,        *

    Respondent.                           *

## REPORT AND RECOMMENDATION

Petitioner's Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255 is before this court for preliminary consideration as required by Rule 4 of the Rules Governing Section 2255 Proceedings For The United States District Courts.

## Procedural History

Indictment was returned in this Court on April 20, 2005, charging Petitioner Hardy with Possession of More Than 50 Grams of Cocaine Base in violation of 21 U. S. C. § 841(a)(1) and 21 U. S. C. § 841(b)(1)(A)(iii).  (Doc. 3).  Hardy pled not guilty (Doc. 12) and filed a Motion To Suppress Identification Testimony on September 16, 2005. (Doc. 24).  Respondent filed its Response (Doc. 30) to Petitioner's Motion.  The Court, after denying the Motion on October 3, 2005, reduced its Order to writing and filed the same, *nunc pro tunc,* on October 19, 2005. (Doc. 48).

Petitioner was tried by jury and found guilty of the single Count in the Indictment on October 5, 2005.  (Doc. 42).   Although Petitioner's counsel filed an appeal of Petitioner's conviction and sentence, he also filed a Motion to Withdraw under *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396 (1967), which the United States Court of Appeals for the Eleventh Circuit granted, and affirmed Petitioner's conviction and sentence,  stating:

> Our independent review of the entire record reveals that counsel's assessment of the relative merit of the appeal is correct. Because independent examination of the entire record reveals no arguable issues of merit, counsel's motion to withdraw is GRANTED, and Hardy's conviction and sentence are **AFFIRMED.**

(Doc. 68). Petitioner Hardy's application for *Writ of Certiorari* was denied on October 1, 2007. Thereafter, he timely filed the Motion To Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 presently under examination, alleging multiple grounds of ineffective assistance of counsel, primarily regarding his Motion To Suppress Identification Testimony.

### Petitioner's Motion To Suppress

Particular attention must be paid to Petitioner's Motion To Suppress Identification Testimony, which was denied by the District Court and tacitly denied by the United States Court of Appeals for the Eleventh Circuit in its affirmation of Petitioner's conviction and sentence.

Petitioner Hardy set out the facts upon which he based his Motion To Suppress Identification Testimony (Doc. 24), and the Government set out its statement of facts in opposition to Petitioner's Motion To Suppress Identification in its Response. (Doc. 30). The District Court combined the undisputed facts from both and issued its Order, (Doc. 48), holding as follows:

> **Summary of Facts:** The following are the relevant facts as stipulated to on the record and as shown in the parties' related pleadings. On or about February 25, 2005, at approximately 2:00 P.M., Cpl. Prurience Dice of the Sumpter County Multi Agency Task Force was traveling north on Lee Street in Americus, Georgia, when he saw an individual he recognized as the Defendant. Cpl. Dice observed that the individual was talking on a cell phone and carrying a white plastic bag in his right arm along with some blue jean pants. At that time, the Defendant had an active State of Georgia probation violation warrant out for his arrest.
>
> The individual ran behind a house located on Lee Street toward the direction of Lester Street. Cpl. Dice pursued the individual, turning his vehicle around on Lester Street. Cpl. Dice observed the individual

run across Lester Street toward a wooded area located behind the
Elks Club and Peppermint Street.  As the individual continued to run,
Cpl. Dice observed that the individual was no longer carrying the
white plastic bag and blue jean pants.  Cpl. Dice saw the individual
jump over a ramp and then lost sight of him.

Cpl. Dice then called for assistance from personnel with the
Ameircus Police Department ("APD") and Sumpter County Sheriff's
Office.  APD Det. Tatoshia Hart responded.  She discovered a pair of
blue jeans lying on the ground next to the residence located at 117
West Lester Street, the residence the individual in question had run
past before crossing Lester Street.  Det. Hart also discovered two
white plastic bags underneath the blue jeans which contained between
them a total of six "cookies" of suspected cocaine base.  Also found
underneath the pants was a can of Maxwell House coffee and a set of
keys.  Det. Hart collected all the evidence and turned it over to Cpl.
Dice for further processing.

Cpl. Dice, Det. Hart, and Major Monts then traveled to a nearby
residence at 7C Peach Circle in Americus, Georgia, where the
Defendant had been known to frequent.  Cpl. Dice observed a blue
Cadillac automobile with a white top parked in front of the residence
with Georgia license plate #BQ7Y88.  Cpl. Dice recognized the
Cadillac as Defendant's vehicle.  The vehicle's license plate was
registered to Defendant and Eula Jones Instead of 704 Fulton Street
in Americus for a 1991 Cadillac Deville.

Det. Hart placed a car key recovered from the vicinity of the other
collected evidence into the door lock of the blue Cadillac.  The key
opened the lock.

The six cookies of suspected crack cocaine were sent to the DEA
lab in Miami.  Laboratory testing confirmed that the cookies contained
cocaine base.  The net weight of the crack cocaine was 105.4 grams.

The District Court noted that, "No evidence recovered from the vehicle was presented or

used in the prosecution of Defendant."  (Doc. 48, FN 2 at 3).  Moreover, the District Court found,

"[N]othing in the record upon the stipulated facts to support a finding that a search took place such

that Defendant has shown a violation of the Fourth Amendment."  *Id.*   In denying Petitioner's

Motion To Suppress Identification Testimony, the District Court relied, among other authority, upon

*United States v. Salado*, 250 F.3d 438, 456 (6th Cir. 2001), which held:

> The mere insertion of a key into a lock, by an officer who lawfully possesses the key and is in a location where he has a right to be, to determine whether the key operates the lock, is not a search.

*Id.* Additionally, the court relied on *United States v. United States Currency,* 228 F.2d 1080 ((9th Cir. 2000) (finding, *arguendo,* that if there was a search it was part of an active and ongoing narcotics investigation)*;[1] United States v. Conception,* 942 F.2d 1170 (7th Cir. 1991) (a minimal intrusion is justified by a founded suspicion and by a legitimate crime investigation); and *United States v. Conception,* 942 F.2d 1170 (7th Cir. 1991), citing *United States v. DeBardeleben,* 740 F.2d 440, 444 (6th Cir. 1984).   Almost the entirety of Petitioner's § 2255 Motion is based on the patently meritless premise and argument that the District Court's denial of his Motion To Suppress Identification Testimony was erroneous. That premise is wrong.  All of Petitioner's attempts to distinguish the court's basis of authority for its ruling patently fail.

Petitioner Hardy's assertion of ineffective assistance of counsel,  enumerated I, asserts that:

> TRIAL COUNSEL WAS INEFFECTIVE FOR, INTER ALIA, FAILING TO INTRODUCE PHOTOS THAT WERE KNOWN TO HIM "PRIOR" TO THE SUPPRESSION HEARING, WHICH CLEARLY DEMONSTRATED THAT POLICE SEARCHED THE PETITIONER'S VEHICLE ON FEBRUARY 25, 2005, ON PEACH CIRCLE IN AMERICUS, GEORGIA, CONTRARY TO THE COURTS RULING.

First, there is no dispute that the vehicle was parked on Peach Circle, a City Street/public property, in front of Petitioner's residence.  Secondly, the Government, in its Response to Petitioner's Motion For Suppression, advised that, "[T]he United States does not intend to introduce into

---

[1]Cpl. Dice recognized the running culprit as Petitioner Hardy, whether he knew him personally or not, with law enforcement assistance found 6 cocaine crack cookies dropped in chase with as set of car keys; summoned help; at least one of the officers assisting knew of Petitioner's residence or usual location and automobile in close proximity to the contraband and keys recovered as cumulative evidence went to Petitioner's residence and opened his car parked on the City Street at his residence to confirm the connection with the keys, Petitioner, and the dumped contraband.  A legitimate founded suspicion was evident and a at least one of the officers knew the narcotices criminal history of Petitioner in Americus.   The law does not prohibit cumulative evidence. F.R.of Evidence, 401-403.

evidence any items seized from the blue Cadillac during the subsequent inventory search of the vehicle." Assuming *arguendo* that there was an illegal search of the vehicle, nothing was seized which could have constituted "fruit of the poisonous tree" to be suppressed according to the doctrine derived from the Fourth Amendment. *See United States v. Schmidt,* 662, F.2d 497, 504 (8th Cir 1981). There was nothing to be suppressed. The photos of the vehicle, admittedly owned by Petitioner, revealed neither incriminating or exculpatory evidence in regard to Petitioner, in an of themselves. Any photo depicting the key found with the cocaine base and blue jeans four blocks away, inserted in Petitioner's vehicle door, requires testimony of Det. Hart or one of the officers who saw the keys in close proximity to the cocaine base to explain the significance of the key inserted in the car door. Otherwise, the photos had no meaning or relevance to Petitioner's case. The officers, who had such knowledge, were free at all times to testify to the discovery of the keys in close proximity to the cocaine and the placement of the car key in the door lock of Petitioner's vehicle by which it was opened, at any time without use of any photos. Counsel cannot be faulted for not proffering for admission totally irrelevant evidence. Counsel does not provide ineffective assistance for failing to argue a meritless issue. *See Jones v. Barnes,* 463 U.S. 745, 103 S.Ct. 3308 (1983), and *United States v. Winfield,* 960 F.2d 970, 974 (11th Cir. 1992).

Petitioner argues in his § 2255 Motion (Doc. 83 at 7) that:

> The sole basis for the insertion of the key into the door, .... was to identify the Petitioner as their alleged suspect because their purported suspect was not apprehended during this alleged chase. ... Petitioner's argument was that "any type" of identification which the Government intended to use, with respect to his vehicle that was "legally parked" but "illegally searched" while parked at his residence on 7C Peach Circle be suppressed, due to an unlawful search and seizure of the same in efforts to link him to the alleged crime.

5

Petitioner Hardy would have the law of circumstantial evidence removed from his case and completely disregarded.  "Inferred factual conclusions based on circumstantial evidence are permitted when, and to the extent that, human experience indicates a probability that certain consequences can and do follow from the basic circumstantial facts." *United States v. Mercer,* 541 F.3d 1070, 1076 (11th Cir. 2008) quoting *United States v. Villegas,* 911 F.2d 623, 628, (11th Cir. 1990). "The test is identical whether the evidence is direct or circumstantial, and no distinction is to be made between the weight given to either direct or circumstantial evidence." *United States v. Awan,* 966 F.2d 1415, 1434 (11th Cir. 1992).

The undisputed circumstances of this case, as taken from Petitioner's Statement of Facts in his § 2255 Motion (Doc. 83 at 6), are these:

> On February 25, 2005, at approximately 2:00 p.m., Cpl.Dice of the Sumpter County Multi Agency Drug Task Force was driving an unmarked car north on Lee Street in Americus, Georgia, when he  saw a person he alleged to be Petitioner Hardy walking along Lee Street in the opposition direction talking on a cell phone and carrying some blue jeans pants.

> According to Cpl. Dice, the individual ran behind a house on Lee Street towards Lester Street where he was next seen empty handed by Cpl. Dice, but managed to elude Officer Dice and disappear.

> Cpl. Dice called for assistance from the Americus Police Department and the Sumter County Sheriff's Office and several officers searched the path the individual whom Cpl. Dice alleged to be Petitioner Hardy had taken between Lee and Lester Streets. Det. To. Hart reported discovering a pair fo blue jeans, a Maxwell House Coffee can and a set of car keys, along with six cookies of suspected crack cocaine base, which she turned over to Cpl. Dice.

> Cpl. Dice, Det. T. Hart, and assistants then traveled to Petitioner's residence nearby at 7C Peach Circle.  Petitioner's vehicle was located there, parked on Peach Circle, but Petitioner was not located.  Det. Hart inserted the car key she had found with the other items mentioned and it unlocked the door to Petitioner's vehicle.

> Any person, judge, juror, or Police Officer, - anyone, could inferr the factual conclusion that

6

Petitioner was in possession of the cocaine base found with his discarded car keys, based on the circumstantial evidence that the keys found with the cocaine base, unlocked Petitioner's vehicle door. Of course, human experience indicates the probability that such a conclusion follows from these basic circumstantial facts.    Evidence of flight from police is admissible as circumstantial evidence to demonstrate defendant's conscience of guilt of the crime charged, if a reasonable jury could conclude, based on the evidence presented, that defendant fled the police to avoid prosecution for the crime. *United States v. Williams,* 541 F.2d 1087, 1089 (11th Cir. 2008).  The identity of a defendant can be established by inference and circumstantial evidence. *United States v. Cooper,* 733 F.2d 91, 92 (11th Cir. 1984).  In *United States v. Klein schmidt,* 596 F.2d 133, 135-36 (5th Cir. 1979, the court affirmed the sufficiency of evidence in a bank robbery case where the defendant's identity was established only by description, not name. The government may rely on direct or circumstantial evidence and inferences drawn from the circumstances to prove possession with intent to distribute cocaine base, and the evidence need not exclude "every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except guilt."  *United States v. Faust,* 456 F.3d 1342, 1345, 1345-46. (11th Cir. 2006).

If for no other reason than the conclusion so obvious from the circumstantial evidence, the District Court orally denied Petitioner's Motion For Suppression of Identity Testimony on October 3, 2005, reduced the same to writing, and issued its decision Order on October 19, 2005. (Doc. 48).

Suppression of evidence seized from vehicle was not required, because nothing was discovered in vehicle , therefore, there are no "fruits of the forbidden tree" or "exploitation of prior illegality."  *See United States v. Schmidt,* 662, F.2d 497, 504 (8th Cir 1981).

7

In the interim, Petitioner was tried by jury and found guilty of the single Count in the Indictment on October 5, 2005. (Doc. 42). Hardy appealed his conviction and sentence. Notably, Petitioner's attorney filed a Motion to Withdraw under *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396 (1967), which The United States Court of Appeals for the Eleventh Circuit granted and also affirmed Petitioner's conviction and sentence. (Doc. 68).

Petitioner Hardy's application for *Writ of Certiorari* was denied on October 1, 2007. Thereafter, he timely filed a Motion To Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 presently under examination, alleging multiple grounds of ineffective assistance of counsel, primarily regarding his Motion To Suppress Identification Testimony.

Petitioner asserts:

> APPELLATE COUNSEL WAS INNEFFECTIVE FOR, *INTER ALIA*, FAILING TO RAISE ON APPEAL THE FOURT H AMENDMENT SUPPRESSION HEARING CLAIM WITH RESPECT TO TRIAL COUNSEL'S FAILURE TO OBJECT TO THE COURTS ERRONEOUS INTERPRETATION OF THE (1) "MERE INSERTION" OF THE KEY, WHICH NARROWLY CONFINED THE PETITIONER'S ARGUMENT, AND FOR NOT OBJECTING TO THE COURTS ERRONEOUS INTERPRETATION AS TO (2) THE PROXIMITY AND DIRECTION OF THE INDIVIDUALS MOVEMENTS, WHICH IS CONTRARY TO THE AFFIDAVIT AND THE MAP OF THE AREA, ANOTHER REASON THIS COURT DENIED THE SUPPRESSION MOTION; AND (3) ALSO THE COURTS ERRONEOUS RULING AS TO CPL. DICE "PREVIOUSLY KNOWING, THE IDENTITY OF THE VEHICLE, WHICH IS CONTRARY TO CPL. DICES TRIAL TESTIMONY.

*Id.* at 24, 25.    Still attacking the District Court's denial of his Motion For Suppression of Identification Testimony, Petitioner Hardy proffers that:

> [D]ue to Counsel's egregious and prejudicial errors for failing to investigate, failing to present known material evidence ... (taking) into consideration the proximity and direction of the individuals movements; in which was misconstrued by (the District) Court because the "Area Map," clearly shows that this alleged individual was running in the **opposite direction** of the vehicle in question, contrary to the Courts ruling.  See Attachment H, J, paragraphs 2-3, which

> shows that this alleged individual was running in a **southern direction away** from the Petitioner's vehicle, therefore no exigent circumstances existed.

*Id.* at 26 .  Petitioner Hardy submits only one interpretation of the circumstances which will support his conclusion of law in this case.  He contends that if his counsel had called the District Court's attention to a map of the area and convinced the Court that the fleeing suspect was running away from Petitioner Hardy's vehicle, exigent circumstances could not have been found.  To the contrary, it is of no consequence which direction the fleeing suspect might have been running at the moment he was running, the exigent circumstances could have been that the vehicle could have been moved later to accomplish an escape to a distant local, such as Boston, Massachusetts, by Petitioner or with the help of an accomplise.  The greater part of wisdom under the circumstances may well have been for Hardy to have run in the opposition direction of his residence under the circumstances then and there existing.

Petitioner goes further to state:

> [T]he Court of Appeals relied upon the erroneous ruling of this Court in determining their decision, thereby granting Counsels *Anders Brief.*

*Id.* at 27.  Here again, Petitioner Hardy presupposes that the District Court's denial of his Motion To Suppress was erroneous, which has not been shown, and secondly that the  United States Court of Appeals for the Eleventh Circuit relied on that ruling to make its decision on Petitioner's Counsel's *Ander's* Motion, completely contrary to the Circuit Court's statement as to its basis for decision.  Hardy would do well to take the  Court of Appeals at its word, which, again, was:

> Our independent review of the entire record reveals that counsel's assessment of the relative merit of the appeal is correct.  Because independent examination of the entire record reveals no arguable issues of merit, counsel's motion to withdraw is GRANTED, and

9

Hardy's conviction and sentence are **AFFIRMED.**

(Doc. 68).   Hardy fails to demonstrate how the outcome of his case would have been different had his Counsel suggested to the District Court, by use of an area map, or in any other way, that the perpetrator was fleeing away from Petitioner's vehicle.  His arguments are tailored to his purposes and border on frivolousness and an abuse of the process.  *Id.* at (Doc. 83 at 24, 25).  Petitioner's argument is patently meritless because its premise is wrong.

Likewise, in his other Grounds, Petitioner Hardy attempts to hang his case on the argument that Cpl. Dice did not know Hardy *personally*.   This is semantics.  There no dispute that Cpl.Dice radioed the Americus Police Department that he had just seen Avery Hardy running from him and was advised, correctly or not, that Hardy had warrants out on him.  The fact that Dice did not know Hardy personally does not necessarily eliminate the fact that Dice knew who Hardy was and what kind of  car Hardy drove.  After all, Dice was a member of the Drug Task Force, and Hardy had previous drug convictions.  PSI at ¶ 24.   Petitioner's arguments are factually frivolous, based on faulty premises, and meritless.

Petitioner Hardy alleged as Grounds for his § 2255 Motion that:

> PETITIONER WAS DENIED DUE PROCESS OF LAW AND HIS SIXTH AMENDMENT RIGHTS, WITH RESPECT TO A CONFLICT OF INTEREST: (1) BECAUSE THE SAME ATTORNEY REPRESENTED HIM ON APPEAL,  AND (2) HIS FAILURE TO PREPARE A DEFENSE BY NOT INTERVIEWING GOVERNMENT WITNESSES.

After noting that counsel was the same on trail and appeal, Petitioner quickly reverts to the "failings" of said attorney to attack the probable cause for the original arrest warrant issued for him on essentially the same arguments made in his previous claims in his § 2555 Motion, with the same short comings.  He capsulizes this claim, saying, "The Government used to Petitioner's ownership

of the vehicle to obtain a conviction ..." (Doc. 83 at 38).   To the contrary, there was additional compelling evidence that Petitioner Hardy challenges as lies and deceit by everyone involved in his case from initial sighting to appeals end.

As Petitioner addresses in his Ground beginning at page 40 of his Motion, inmate Bryant Floyd testified in Petitioner's trial that Petitioner had confided in him, admitting his guilty and giving incriminating details about a hidden compartment inside the coffee can, and that Petitioner had also admitted his guilt to Agent Collins, including that he had gotten the cocaine base from one Willie Walters in Montezuma, GA .   Petitioner Hardy charges ineffective assistance of counsel for his counsel's failure to challenge the source of Floyd's information and the manner in which he had obtained it, despite the fact that his counsel thoroughly crossed examined the witness.

On the same basis, Petitioner Hardy complains of his attorney for not preventing the admission of the coffee can with the hidden compartment found with the six (6) cookies of crack cocaine, the blue jean pants, and the white plastic bag.   Petitioner's contention is that the entire prosecution of him, from the time of the gathering of the evidence discarded while the offender was running away from law enforcement officers, was a total conspiracy by every one of the officers involved in all Departments involved, in misleading and lying to the United States Magistrate Judge in order to obtain an arrest warrant, to misleading the trial judge to get a denial of Petitioner's Motion For Suppression of Identification Testimony, to misleading the jury as to the evidence and admissions of Petitioner Hardy at trial[2], and finally to the United States Court of Appeals for the Eleventh Circuit in granting counsel's *Ander's* Motion after a full review of the record.  Petitioner Hardy challenges the chain of custody of the coffee can despite that he was not charged with any offense in regard to

---

[2] Apparently, Hardy does not consider the issue of credibility of witnesses being totally in the discretion of the jury with proper instruction.

the coffee can itself, and that it was of the same type and description as the one found at the location of the other discarded items during the police chase, and despite the fact that fact that  Cpl. Dice reported that the coffee can remained in the trunk of his patrol car at all times under his control and supervision.  And despite that fact the keeping evidence in the trunk of a patrol car may have violated the Regulations of the Americus Police Department.

In his Ground enumerated VIII, (Doc. 83 at 52), Hardy alleges prosecutorial misconduct in the vouching for a Government witness.  Hardy contends that the Government vouched for the credibility of witness Bryant Floyd who testified that Hardy had admitted his guilt to him and gave details not in police reports regarding the coffee can.  The record of the closing argument reveals that Government counsel was drawing the conclusion that details originally unknown to the police revealed to witness Floyd illustrated that Floyd was "telling the truth."  However, this, together with proper instructions from the court, does not equate vouching for a witness in the legal sense.  The test is whether the prosecutor placed the prestige of the Government behind the witness by making explicit assurances fo the witness's credibility.  *See United States v. Castro,* 89 F.3d 1443, 1457 (11th Cir. 1996).  In this case, the prosecutor's comment on the details of the witness's testimony as lending credibility to his testimony, does not rise to the level of lending the prestige of his office. Hardy argues, "There was no physical evidence which connected the petitioner to the alleged crime. The conviction rested heavily on the credibility of Floyd's testimony and circumstantial evidence." Such evidence is sufficient.  Petitioner implies that it is inferior.  As shown above that is not the case, In fact, the direct and circumstantial evidence against Petitioner Hardy was overwhelming in this case, and like the United States Court of Appeals for the Eleventh Circuit, after full review of  the entire record, there appear no arguable issues of merit in Hardy's claims.

Petitioner Hardy closes out his Motion by simply advising that he is "currently awaiting a decision with respect to his challenging of his prior convictions.  The advice does not raise an issue

for review in this action in that regard.

   **WHEREFORE, IT IS RECOMMENDED** that Petitioner's Motion To Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 be DENIED as failing to state an issue upon which this court may grant relief, for raising frivolous issues, and for attempting to relitigate, ab initio, rulings made by the District and Appellate Courts.      Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN TEN (10) DAYS after being served with a copy hereof.

   SO RECOMMENDED this 14th day of October 2008.


                                        S/ G. MALLON FAIRCLOTH
                                        UNITED STATES MAGISTRATE JUDGE