**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

AVERY HARDY,  :
                                            :
    Petitioner,[1]            :
                                            :
v.                                            :
                                            :
UNITED STATES OF AMERICA,  :    Case No. 1:05-cr-22-WLS
                                            :    Case No. 1:08-cv-90027-WLS
                                            :
    Respondent.               :
_____:

**ORDER**

Before the Court is a Report and Recommendation from United States Magistrate Judge G. Mallon Faircloth, filed October 14, 2008. (Doc. 86). For the reasons set forth below, the Court finds that said Report and Recommendation (*Id.*) should be, and hereby is, **ACCEPTED, ADOPTED** and made the Order of this Court for reason of the findings made and reasons stated therein, together with the reasons stated and conclusions reached herein.

**PROCEDURAL BACKGROUND**

Petitioner-Defendant was charged in a one-Count Indictment on April 20, 2005, for Possession of More than 50 Grams of Cocaine Base in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(A)(iii). (Doc. 3). Petitioner-Defendant filed a Motion to Suppress Identification of Testimony (hereinafter "Motion to Suppress") on September 16, 2005 (Doc. 24), which this Court orally denied on October 5, 2005, and reduced to writing on October 19, 2005. (Doc. 48). Petitioner-Defendant was tried and found guilty by a jury on the single Count in the Indictment on October 5, 2005 (Doc. 42), and he was sentenced to a term of life

---

[1] Petitioner is referred to as "Petitioner-Defendant" throughout this Order in light of the pending status of Defendant's Motion to Vacate, Set Aside, or Correct His Sentence, filed under 28 U.S.C. § 2255, in both a criminal case, *see* Case No. 1:05-cr-22, and a civil case, *see* Case No. 1:08-cv-90027.

1

imprisonment (Doc. 51). Petitioner-Defendant appealed his conviction and sentence to the Eleventh Circuit, which affirmed Petitioner-Defendant's conviction and sentence. (Doc. 68). Petitioner-Defendant's application for Writ of Certiorari was denied on October 1, 2007. (*See* Doc. 73).

Petitioner-Defendant thereafter filed a Motion to Vacate, Set Aside, or Correct His Sentence (hereinafter "§ 2255 Motion") pursuant to 28 U.S.C. § 2255 (Doc. 83), which Judge Faircloth recommended this Court deny on October 14, 2008 (Doc. 86). Petitioner-Defendant filed a timely Objection to the Recommendation on October 31, 2008 (Doc. 87); the Government did not file a response thereto (*See generally* docket). It is Judge Faircloth's Recommendation (Doc. 86), along with Petitioner-Defendant's Objection (Doc. 87), that the Court now addresses.

## **DISCUSSION**

It is recommended by Judge Faircloth that Petitioner-Defendant's § 2255 Motion (Doc. 83), in which he alleges multiple grounds for ineffective assistance of counsel—primarily with regard to his Motion to Suppress Identification Testimony—be denied. (*See* Doc. 86). On several grounds, the Magistrate Judge finds meritless Petitioner-Defendant's assertion in his § 2255 Motion (1) that this Court's denial of his Motion to Suppress evidence seized from Defendant's vehicle was erroneous due to Defendant's counsel's failure to introduce photographs that established that police unlawfully searched his vehicle (*Id.* at 4), and (2) that appellate counsel was ineffective for failing to raise on appeal the Fourth Amendment suppression hearing claim. (*Id.* at 7-8).

First, Judge Faircloth notes that Petitioner-Defendant cannot fault counsel for not proffering for admission the photographs of Defendant's vehicle because the photographs "revealed neither incriminating or [sic] exculpatory evidence in regard to Petitioner" and

therefore, were irrelevant to the trial. (*Id.* at 5 ("Counsel cannot provide ineffective assistance of counsel for failing to argue a meritless issue.")). Judge Faircloth explains that Petitioner-Defendant has not "demonstrate[d] how the outcome of his case would have been different had his Counsel" argued to the Court that the officers' justification of the search of Defendant's vehicle was flawed. (*Id.* at 10).

Next, Judge Faircloth highlights that Petitioner-Defendant, as secondary bases for his § 2255 Motion, ineffectively, repeatedly attacks the Court's Order Denying Defendant's Motion to Suppress and alleges prosecutorial misconduct due to the Government's vouching for a witness's credibility. (*Id.* at 11-12). Judge Faircloth instead finds the Court's denial of Defendant's Motion to Suppress to have been without error because he has not found anything in the Record or in the Eleventh Circuit's ruling that shows that this Court's denial of suppression was erroneous; specifically, because nothing was seized from the vehicle, Judge Faircloth notes, there was nothing for the Court to suppress as an "exploitation of prior illegality." (*Id.* at 7, 9). Moreover, the Magistrate Judge finds, on several grounds, that there was sufficient and lawfully seized evidence to convict Petitioner-Defendant. (*Id.* at 12). For these reasons, he recommends denial of Petitioner-Defendant's § 2255 Motion for "failing to state an issue upon which this court may grant relief, for raising frivolous issues, and for attempting to relitigate, ab initio, rulings made by the District and Appellate Courts." (*Id.* at 13).

Petitioner-Defendant timely filed an Objection to the Recommendation on October 31, 2008. (Doc. 87). Petitioner-Defendant's main Objection centers on the alleged ineffectiveness of trial counsel to offer photographs prior to the Motion to Suppress Hearing: "Trial counsel was ineffective . . . for failing to introduce photos that were known to him 'prior' to the suppression hearing, which clearly demonstrated that police searched Petitioners [sic] vehicle on February

3

25, 2005, . . . which was contrary to the Court's ruling." (*Id.* at 1). Specifically, Petitioner-Defendant asserts that had his counsel introduced the photographs, the issue before the Court on deciding the Motion to Suppress would have been whether officers had probable cause or exigent circumstances to collect evidence. (*Id.* at 2). He further requests an evidentiary hearing to resolve the dispute concerning statements in the officers' affidavit, which he asserts were made in violation of his Sixth Amendment right to effective assistance of counsel. (*Id.* at 12). Additionally, in his Objection, Petitioner-Defendant once again attacks the Court's ruling on the Motion to Suppress by, for example, referencing the distinction previously made in his § 2255 Motion between his case and the case law the Government has cited in its earlier briefings before the Court. (*Id.* at 2-5). These assertions, however, are inadequate grounds to disturb the findings and reasoning of the Recommendation. The Court further finds that no hearing is necessary in light of the substantial, available, and adequate record in this case. The same, as well as Petitioner-Defendant's § 2255 Motion (Doc. 83), are therefore **DENIED**.

Despite Judge Faircloth's thorough examination of the appropriate legal standards that Petitioner-Defendant has overlooked in his § 2255 Motion and which serve as grounds for Judge Faircloth's agreement with this Court's and the Eleventh Circuit's holdings, Petitioner-Defendant repeatedly summarily supports his claims with a recitation of many of the same arguments that were presented in his § 2255 Motion. (*See, e.g.*, Doc. 21 at 4 (stating that there should be no dispute that Petitioner-Defendant's vehicle was searched)). In a futile attempt to further support his § 2255 Motion, Petitioner-Defendant continues to argue his Motion to Suppress, although this Court, the Eleventh Circuit, and Judge Faircloth's Recommendation have either denied, affirmed, or agreed with the denial of the Motion to Suppress. Yet, Petitioner-Defendant's re-assertion of arguments that this Court has previously examined cannot serve as

4

bases to reject the Recommendation, for Petitioner-Defendant does not demonstrate that his sentence was imposed in violation of the U.S. Constitution or any federal laws. *See* 28 U.S.C. § 2255. And Petitioner-Defendant does not overcome Judge Faircloth's finding that the evidence presented by the Government against him was not falsified, perjured, or unlawfully prejudicial. (*See* Doc. 86 at 16; Doc. 87). In light of the above findings, the Court concludes that the Magistrate Judge, contrary to Petitioner-Defendant's argument, had no need to rule on or grant Petitioner-Defendant's request for officers' statements, grand jury transcripts, officers' personal phone records, transcripts of Petitioner-Defendant's trial, a copy of the indictment, and other documents. Petitioner-Defendant's objections are **OVERRULED**. The Court therefore finds that said Report and Recommendation (Doc. 86) should be, and hereby is, **ACCEPTED, ADOPTED** and made the Order of this Court for reason of the findings made and reasons stated therein, together with the reasons stated and conclusions reached herein.

## CONCLUSION

Based on the foregoing discussion, the objections set forth in Petitioner-Defendant's Objection (Doc. 87) are **OVERRULED**, and United States Magistrate Judge Faircloth's October 14, 2008 Report and Recommendation (Doc. 86) is **ACCEPTED, ADOPTED** and made the Order of this Court for reason of the findings made and reasons stated therein, together with the reasons stated and conclusions reached herein. Accordingly, Petitioner-Defendant's § 2255 Motion, brought pursuant to 28 U.S.C. § 2255 (Doc. 83), is **DENIED**.

**SO ORDERED**, this  21st  day of October, 2010.

 /s/ W. Louis Sands 
**THE HONORABLE W. LOUIS SANDS,
UNITED STATES DISTRICT COURT**